Rhoda **WALDRIP, Plaintiff and on behalf of others similarly situated,**

v.

**MOTOROLA, INC., Defendant.**

**Civ. A. No. C76–2120A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 7, 1980.

---

---

Margie Pitts Hames and Mary Ann B. Oakley, Atlanta, Ga., for plaintiff.

David R. Aufdenspring and R. Carl Cannon, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., Eileen Burns and Robert F. Falkner, Schaumburg, Ill., for defendant.

## ORDER

ORINDA DALE EVANS, District Judge.

This case is presently before the Court on Plaintiff's Motion For An Order Determining That This Action Shall Be Maintained As A Class Action, and also on Plaintiff's Motion to Amend the Definition of the Class.

Treating Plaintiff's Motion to Amend the Definition of the Class as a motion for leave to amend Plaintiff's Complaint, said Motion is hereby GRANTED.

Turning to the Motion for Class Certification, some preliminary review of pertinent facts and case history is useful.

Plaintiff began clerical employment with Defendant in July of 1969. On August 6, 1971 she went on maternity leave pursuant

to a policy of Defendant's which at that time required pregnant employees to take a non-compensated leave of absence at the end of their sixth month of pregnancy. The policy prohibited a return to employment in less than two months following date of childbirth. Those who wished to return to employment at that time were not guaranteed jobs, however, but were considered for such employment as was then available. The company's policy required that employees who had not returned to work at the end of one year's leave of absence be terminated.

Plaintiff alleges that she sought to return to work three months after her child was born but that no job was made available to her. At the end of one year's leave of absence, Plaintiff was notified that she had been terminated.

Plaintiff is not presently an employee of Defendant, but is elsewhere employed, having sought and obtained other employment at some point after being terminated by Motorola.

Plaintiff filed her charge with the EEOC on August 7, 1972. A reasonable case determination was made in August, 1976; a right-to-sue letter was issued on November 1, 1976. Plaintiff filed this action on December 27, 1976, seeking injunctive and declaratory relief, reinstatement and back pay both for the period of the mandatory leave, and thereafter. Plaintiff seeks to represent all women who took mandatory maternity leaves pursuant to Motorola's aforesaid policy (Policy No. 1205 dated September, 1969). Some of these women went back to work at the conclusion of the mandatory five-month leave; some were reinstated later but still within the 12-month leave period; others like Plaintiff never went back to work at Motorola either because they weren't offered the opportunity or because they chose not to accept an offer. Undoubtedly, some of those who didn't return to work simply chose to drop out of the labor market.

Plaintiff's motion for class certification was originally filed in September, 1977. Thereafter, the Court entered an Order on July 18, 1978 which deferred a ruling on the motion and set out various issues with respect to certification which were of particular concern to the Court. In the July 18, 1978 Order, the Court directed that further discovery be taken on the certification issue and that it then be presented again for ruling. This has now been done.

A suit may be certified as a class action if the criteria of Rule 23(a), Fed.R.Civ.P. are met, and in addition the Court finds that the action falls into one or more of the categories described by subsection (b)(1), (b)(2) or (b)(3) of Rule 23. The Court finds that the requirements of Rule 23(a) for class certification are met in this case. The requirement of numerosity under Rule 23(a)(1) is met, in that Plaintiff's discovery indicates that there are over 300 members of the class, who worked in approximately nine states. Under the circumstances, joinder of all such persons is impracticable. The Rule 23(a)(2) requirement of questions of law or fact common to the class is met by the existence of the basic issue of the legality of Motorola's maternity leave policy; the Rule 23(a)(3) requirement that the claims of Plaintiff be typical of the claims of the class is met, in that the claims for relief are based upon a common legal theory, see Gonzales v. Cassidy, 474 F.2d 67, 71 n.7 (5th Cir. 1973). Rule 23(a)(4) sets forth the requirement that a person seeking to represent a class be one who will "fairly and adequately protect the interest of the class". This includes both a showing that the named Plaintiff is in a position to provide vigorous prosecution of the within action, and that her attorneys will provide adequate representation. It appears that Plaintiff's interests are not antagonistic to those of the class; that she is in a position to vigorously prosecute the within action; that her counsel is experienced and competent. In short, the Court finds that Plaintiff and her counsel will fairly and adequately protect the interests of the class.

Having determined that the criteria of Rule 23(a) are satisfied, the remaining inquiry is to see if this action qualifies for certification under one or more of the subsections of Rule 23(b). In this case, Plain-

tiff has elected to seek certification under 23(b)(2) rather than under the other alternatives, namely, 23(b)(1) or 23(b)(3).[1]

Rule 23(b)(2) allows class treatment in a case where

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

At the crux of the issue of (b)(2) certification in this case is the fact that Motorola changed Policy 1205 in approximately February, 1972. From that date forward, Motorola did not have a mandatory maternity leave as such but rather implemented a policy whereby a female employee could work throughout pregnancy with her doctor's approval and Defendant's finding that continuation of her duties would not adversely affect her health. Plaintiff has stated in a previous brief filed herein that she does not seek to represent employees whose maternity leave was taken under the new policy. Rather, Plaintiff only seeks to represent those who took the mandatory leave under the September 1969 Policy No. 1205, some of whom were terminated at the end of the one year's leave of absence and some of whom returned to work at Motorola following the mandatory leave period of five months' duration.

Is 23(b)(2) certification appropriate in a Title VII action where the employer has concededly abandoned[2] the discriminatory policy complained of, but plaintiff continues to seek reinstatement, back pay and declaratory relief? Or is plaintiff relegated to certification under 23(b)(3) under these circumstances? This question is not one of mere academic interest to a Title VII plaintiff. 23(b)(3) certification calls into play the 23(c)(2) class notice requirement, which in some cases adds considerable front-end litigation expense and administrative burdens for the named plaintiff; also, class members may elect to opt out of the class. Rule 23(b)(2) certification, on the other hand, does not result in any requirement of notice to class members; the judgment is simply binding on all persons who fall within the class as defined.

■ Mere reading of Rule 23(b)(2) provides no quick answer to the question. This stems from ambiguity inherent in the language of the Rule.[3] Specifically, it is not clear whether the second phrase contained in 23(b)(2), namely, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole" is merely a statement of the effect presumed to flow from the situation described in the first portion of the rule ("the party opposing the class has acted or refused to act on grounds generally applicable to the class"), or whether it adds an independent additional requirement, namely, that final injunctive relief or corresponding declaratory relief must be appropriate[4] in order for there to be a 23(b)(2) class. In the instant case, the answer to this question is dispositive of the issue of appropriateness of 23(b)(2) certification, because without doubt there is a discrete class of women including Plaintiff whose maternity leaves were governed by Motorola's

---

**1.** Plaintiff has indicated that she desires certification under 23(b)(3) only if 23(b)(2) certification is found inappropriate.

**2.** Of course, there would be few cases in which the Court would conclude at the certification stage that an employer has indeed abandoned an alleged discriminatory practice. In this case, however, Plaintiff concedes that this has occurred.

**3.** It has been suggested that this results from the lack of a clear doctrinal foundation for Rule 23(b)(2). See Note, "Antidiscrimination Class Actions under the Federal Rules of Civil Procedure: The Transformation of Rule 23(b)(2)", 88 Yale L.J. 868–74 (1979).

**4.** It is well recognized that the Court is not required or indeed permitted to assess at the certification stage the *likelihood* of Plaintiff's entitlement to relief upon trial of the merits. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir. 1978); but compare *Long v. Sapp*, 502 F.2d 34 (5th Cir. 1974). Defendant does urge, however, that Plaintiff must not be prima facie ineligible for injunctive relief.

company-wide maternity leave policy; on the other hand, it is quite doubtful that injunctive relief—at least injunctive relief in the narrow traditional sense—is an appropriate remedy, even if Plaintiff establishes liability on Defendant's part. Although Rule 23(b)(2) seems at first blush to give more emphasis to the common position of class members than to the nature of relief sought, courts and commentators have consistently described (b)(2) as requiring predominance of injunctive or equitable relief. *See Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211 (5th Cir. 1974); *Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir. 1971), *cert dism'd* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). As mentioned, injunctive relief is no longer appropriate here.

█ The next question, then, is whether Plaintiff's suit may be classified as "equitable" in nature. In a sense, all Title VII suits are inherently equitable in nature because the underlying purpose of Title VII is to effectuate correction of discriminatory practices. *See International Bro. of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Johnson v. Goodyear Tire & Rubber Co., Synthetic Rub. Plt.,* 491 F.2d 1364 (5th Cir. 1974); *Rowe v. General Motors Corp.,* 457 F.2d 348 (5th Cir. 1972). It has been specifically held that Title VII suits cannot be characterized as suits seeking "exclusively or predominantly money damages" where both injunctive relief and back pay are sought. *Franks v. Bowman Trans. Co.,* 495 F.2d 398, 422 (5th Cir. 1974). Further, the Fifth Circuit has pointed out that injunctive relief need not be the *only* relief sought for 23(b)(2) certification to be appropriate. *Pettway, supra* at 257. Plaintiff argues that since this is a Title VII action, that fact alone injects sufficient equitable character into

the suit to call for (b)(2) treatment. Alternatively, she argues that since she seeks reinstatement and "such other remedial relief as may be necessary to correct the vestiges of discrimination" lingering from the discarded pregnancy policy, that she indeed has equitable prayers which counterbalance the allegedly non-equitable nature of the requested back pay award.

The Court rejects the proposition that any Title VII case is certifiable under 23(b)(2) when 23(a) criteria are met. Such a conclusion would go beyond the Fifth Circuit's holdings in *Franks* and *Pettway, supra.* Turning to the second argument, the Court encounters the difficult task of assessing the "predominant" nature—equitable v. nonequitable—of Plaintiff's claims.

At this juncture, the only relief sought which is obviously common to all members of the class is the claim for an award for back pay for that portion of the mandatory leave which exceeds the period of medical necessity. If appropriate, this type of award cannot be characterized as equitable because it would not serve any policy-related or catalytic purpose. Motorola has already changed its mandatory leave policy. And while Plaintiff correctly asserts that the viability of her reinstatement claim and the claim for back pay for periods following the conclusion of the leave period are not affected by the mere fact that not all class members might choose to avail themselves of these remedies, that fact does impact upon the characterization of the action for certification purposes. The Court concludes that (b)(2) certification is inappropriate because the suit, taken as a whole, is not equitable in character.[5]

█ There appears to be no reason, however, why different portions of the suit may

5. The Court notes that 23(b)(2) makes mention of "corresponding declaratory relief" as an apparent alternative to the requirement of "final injunctive relief". However, according to the Advisory Committee's Notes, 39 F.R.D. 69, 102 (1966), the drafters of Rule 23 meant that "corresponding declaratory relief" would be that sort of declaratory relief which "as a practical matter . . . affords injunctive relief or serves as a basis for later injunctive relief." Thus, even though Motorola vigorously maintains that its pre-1972 maternity leave policy was lawful, thus requiring the Court to determine and make a declaration as to its legality, such declaratory relief would not "correspond" to injunctive relief and thus does not afford a basis for invocation of 23(b)(2).

not be certified under different parts of Rule 23(b). Hence, the Court certifies under Rule 23(b)(2) that part of the action wherein Plaintiff seeks reinstatement and back pay for the period of time following her termination by Motorola, and other remedial relief. The class certified is:

All past or present female employees of Motorola, Inc. who took maternity leave pursuant to Motorola's mandatory maternity leave policy dated September 1969, and who were involuntarily terminated at the conclusion of said leave of absence, said termination having occurred between February 9, 1972 and August 7, 1972.

Turning to Plaintiff's claim for back pay for the portion of the mandatory leave (if any) exceeding the period of medical necessity, it appears that 23(b)(3) certification is appropriate as to that claim. Rule 23(b)(3) states that certification may be had in cases where:

the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Court finds that questions of law or fact common to members of the class predominate over any questions affecting only individual members. Obviously, the central question is whether the mandatory maternity leave policy was unlawful. If it was, then some appropriate formula would be required to calculate the amounts of pay owing to individual members of the class.

Though individual pay rates might differ, the pertinent information is presumably within the control of Defendant. The Court further finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This finding is based in part on the fact that the monetary claims involved for each individual claimant are small, thus making it unlikely that individual members of the class could or would pursue their claims absent a class action.

The class certified as to the subject claim is:

All past and present female employees of Motorola, Inc. who took mandatory maternity leave pursuant to Motorola's Policy No. 1205 dated September 1969, and whose leave ended, following childbirth, either by reinstatement or cessation of employment occurring between February 9, 1972 and August 7, 1972.

The parties' counsel are directed to confer and prepare a proposed notice as to the claim certified under Rule 23(b)(3) and submit such proposed notice, in agreed-upon form, to the Court no later than March 1, 1980.